MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. WELLS & POLLOCK.

Decided December 2, 1899.

**1. Carriers—Damages in Live Stock Shipment—Splenetic Fever.**

Where a railway company so handles a shipment of cattle as to expose them to splenetic fever, thus causing a connecting carrier to justifiably refuse to carry them on to their destination, it is liable for the resultant damages.

**2. Same—Owner's Delay.**

Where horses and cattle were shipped together, and the initial carrier having exposed the cattle to splenetic fever, the connecting carrier refused to receive them, this did not justify the shipper in refusing to have the horses sent on until the cattle could also be shipped with them.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*T. S. Miller* and *Stanley, Spoonts & Thompson,* for appellant.

*Matlock, Cowan & Burney,* for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The testimony warranted the jury in finding that appellant company, without fault of the appellees, was negligent, as charged, in unloading appellees' cattle in "southern pens" at Denison, Texas, about July 3, 1898, thereby exposing them to Texas or splenetic fever, in consequence of which the Texas & Pacific Railway Company, the next carrier, refused to receive and transport them over its line to El Paso.

The cattle were shipped from Lamar, Missouri, destined to Jiminez, Mexico, via Denison, Fort Worth, and El Paso, Texas, thus crossing the quarantine line between Lamar, Missouri, and Denison, Texas, and destined to recross it between Fort Worth and El Paso.

The testimony also warranted the jury in finding for appellees the value of the cattle as the measure of their damages.

We find no merit in any of the assignments of error complaining of the recovery for the loss of the cattle.

Appellees were also allowed to recover damages on account of delay and bad treatment of three stallions and five jacks shipped at the same time and in the same car. But we are of opinion that this recovery was not warranted. The damages so recovered were incidental to delay at Fort Worth occurring under the following circumstances, as given in the testimony of S. S. Pollock, one of the appellees: "When we got into Fort Worth the agent of the Texas & Pacific Railway, J. T. Clements, told us that the cattle had been unloaded in southern pens at Denison and they could not receive the cattle. I think it was J. T. Clements. [It was then admitted that it was J. T. Clements, joint agent at Fort Worth for the Missouri, Kansas & Texas Railway of Texas and the Texas & Pacific Railway Company.] But that we could go ahead with the horses and jacks, and I said if we can not take the cows and calves we did not want to go with part of the load, as this was not the destination and no market here for the cattle; that we did not want to go on and not know what was to become of our cattle."

It thus appears that the delay was at the instance of the appellees themsolves. Their only excuse was that they did not want to go on without knowing what was to become of the cattle. This was perhape quite natural, but not a sufficient excuse for delaying the shipment. Their legal remedy as to the cattle was clear, being the one finally pursued, and they must be held to have known what it was at the time. Upon the admitted facts the court should have withdrawn this issue from the jury.

As to the injury to the horses and jacks from exposure to the hot sun at Fort Worth for some three days, it was admitted by appellee Pollock in his testimony that appellant placed them under shelter as soon as appellees called attention to the peculiar needs of their stock in that respect, as it was under the circumstances the duty of appellees to do.

Except as to the cattle, the case was not made out. The judgment as to the cattle, including interest from July 5, 1898, will therefore be affirmed, but in other respects it will be reversed and here rendered for appllant.

*Affirmed in part.*
*Reversed and rendered in part.*

Writ of error refused by Supreme Court.